# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-0388V
(not to be published)

---

RONNIE A. NEWCOMER,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

---

Chief Special Master Corcoran

Filed: December 11, 2019

Special Processing Unit (SPU);
Attorney's Fees and Costs

---

*William Bliss Hicky, Nashville, TN, for Petitioner.*

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 13, 2018, Ronnie A. Newcomer ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered Guillain-Barre syndrome resulting from adverse effects of an influenza vaccination administered on October 13, 2016.  (Petition at 1).  On July 9, 2019,  a decision was issued awarding compensation to Petitioner based on the Respondent's proffer.  (ECF No. 38).

---

[1]  Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 1, 2019, (ECF No. 42), requesting a total award of $56,464.09 (representing $55,702.58 in fees and $761.51 in costs). In accordance with General Order #9, Petitioner filed a signed statement stating indicating he incurred no out-of-pocket expenses. (ECF No. 42-2). Respondent reacted to the motion on October 1, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and requests that I exercise my discretion to determine the amount to be awarded. (ECF No. 43). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT in part Petitioner's motion awarding final attorney's fees and costs, in the total amount of **$39,714.21.**

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**ATTORNEY FEES**

Upon review of the billing records received, I find a reduction of the attorney's fees requested appropriate, for the billing of paralegal tasks at attorney rates and excessive hours billed.

Hourly Rates

Petitioner requests compensation for his attorney, William Hicky, at the rate of $334.56 for all time billed between 2017 – 2019.[3] Mr. Hickey has been a licensed attorney in Tennessee since 2006. (ECF No. 42-3 at 1). This places him within the range of attorneys with 11-19 years of experience on the OSM Attorney's Forum Hourly Rate Schedule.[4]  The requested rate falls within the range, and is otherwise reasonable, and I shall therefore award it herein.

I find it necessary however, to reduce Mr. Hicky's rate when associated with work billed to paralegal tasks.  Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).  Mr. Hicky billed ten hours on tasks that are more properly characterized as paralegal in nature, including organizing documents, requesting medical records, and formatting documents.[5]  I shall reduce Mr. Hickey's rate for these tasks to $140 per hour,

---

[3] Mr. Hicky did not list his hourly rate in his motion, but I was able to ascertain it from billing records submitted.

[4] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] Examples of tasks considered to be paralegal in nature include: March 14, 2017 (0.10 hrs) "Draft of HIPPA Authorization"; June 7, 2017 (0.30 hrs) "Letter to Covenant Care re: medical treatment received pre-vaccination"; February 18, 2018 (2.5 hrs) "Organize 151-2068 Tennova Healthcare to coordinate/consolidate duplicate records (part of Tennova record is contained in this VA record); and February 23, 2018 (0.90 hrs) "Format 1-81 Centennial and 2624-3052 VA Hospital Pre-Injection Summaries." (ECF No. 4-21 at 1).  These are examples and not a complete list.

a rate comparable to that of a paralegal. This reduces the awardable attorney fees in the amount of **$1,945.60**.[6]

Excessive Hours

Special Masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Here, Petitioner's counsel billed 88.5 hours (over half of the total 166.10 hours billed in this case) for work relating solely to the summarization of medical records. (ECF No. 42-1 at 1).  Being that there was just over 1000 pages of records filed in this case, over 50% of the total hours billed were devoted to the summarizing of a relativity moderate amount medical records, and drafting a 28 page "timeline synopsis" that was, in my professional determination, unnecessary to the case proceedings. Mr. Hicky then proceeded to refile Petitioner's medical records in disc form, after review of the Vaccine Rules and Guidelines.[7]

I find that the hours spent on summarization and synopsis excessive, and therefore reduce request for attorney's fees for these particular hours by 50%. This results in a reduction of **$14,804.28**.[8]

## ATTORNEY COSTS

I now turn to the request for costs. Petitioner requests $761.51 in overall costs. (ECF No. 42-1 at 5). This amount is comprised of obtaining medical records, pacer fees, and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable.

---

[6] $334.56 - $140 = $194.56 * 10 hrs = $1,945.60.

[7] On March 15, 2018, Mr. Hicky contacted the staff attorney managing this case for information on the Vaccine Program and was directed to the Vaccine Rules and Guidelines on the Court's website. *See Informal Remark,* dated March 15, 2018.

[8] $334.56 * 88.5 hrs = $29,608.56 / 2 = $14,804.28.

4

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. §
15(e).   Accordingly, I hereby GRANT Petitioner's Motion for fees and costs. I award a
total of **$39,714.21** (representing $38,952.70 in fees, and $761.51 in costs) as a lump
sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.  In the
absence of a timely-filed motion for review (see Appendix B to the Rules of the Court),
the Clerk shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice
renouncing their right to seek review.

5